Law Offices of Gregory A. Ross, P.C.
4245 Kemp Blvd, Ste. 308
Wichita Falls, Texas 76308
(940) 692-7800

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

Case Number 14-70133
Dated: 05/06/2014
SSN1: xxx-xx-2256
SSN2: xxx-xx-
Judge: Hale

DEBTOR 1: Johnston, Michelle Lynn
DEBTOR 2:

# DEBTOR'S(S') CHAPTER 13 PLAN AND MOTION FOR VALUATION
## SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS

| | | | | |
|---|---|---|---|---|
| This Plan contains non-standard provisions: (Yes or No) | YES | DATE CASE WAS FILED: | 05/06/2014 |
| DEBTOR 1 & DEBTOR 2 MONTHLY TAKE HOME PAY: | $4,666.10 | DATE FIRST PAYMENT IS DUE: | 6/5/2014 |
| DEBTOR 1 & DEBTOR 2 MONTHLY EXPENSES: | $4,053.54 | | |
| MONTHLY SURPLUS AVAILABLE FOR PLAN PAYMENTS: | $612.56 | | |
| DATE CONVERTED TO CHAPTER 13: | | NUMBER OF PLAN PAYMENTS: | 60 |
| FIRST DATE SET FOR MEETING OF CREDITORS: | 06/06/2014 | PLAN BASE AMOUNT: | $36,720 |
| DATE IF MEETING OF CREDITORS CONTINUED: | | CALCULATED BASE AMOUNT: | $36,682.22 |
| 90 DAY BAR DATE: | 9/4/2014 | | |
| 180 DAY BAR DATE: | 11/2/2014 | | |

**A. DEBTOR PAYMENTS:**

| Beginning Month | Ending Month | Debtor 1 Amount | Debtor 2 Amount | Totals |
|---|---|---|---|---|
| 1 | 60 | $612 | | $36,720 |

**B. ADMINISTRATIVE AND DSO CLAIMS:**

1. CLERK'S FILING FEE Total filing fees for this case are ___$0.00___ and shall be paid in full prior to any other disbursement to any creditor.
2. TRUSTEE FEES AND Trustee fees shall be paid first out of each disbursement and as provided in General Order 2009-03.
   NOTICE FEES: The Trustee shall be allowed noticing fees per General Order 2009-03. The total notice fees for this case: _____
   (The calculation for this fee is the total number of creditors noticed by U.S. Mail X $.91 per notice X 4 notices.)

3. DOMESTIC SUPPORT OBLIGATIONS: Prior to discharge, Debtor will pay all post-petition Domestic Support Obligations (defined in Section directly to the holder(s) of such obligation(s), unless payment through the Plan as hereinafter provided is agreed to in writing by the respective holder( of the claim(s) or their agent(s). Pre-petition Domestic Support Obligations per Schedule "E" shall be paid the following monthly payments as a priorit

NONE LISTED

**C. ATTORNEY FEES:** To _Gregory A. Ross_, Total fees of: _$4,000.00_ with _$469.00_ paid pre-petition; and _$3,531.00_ paid through the Trustee. Pre-confirmation payments to debtors attorney will be per the Authorization for Adequate Protection Disbursements (AAPD). Post-confirmation payments to Debtor's attorney will be made from funds remaining after payment of Administrative claims as provided above ('B') and each specified monthly plan payment to secured creditors '('D' and/or 'E' below) and before any payment to priority creditors ('H' below) or unsecured creditors ('I' and 'J' below).

**D. HOME MORTGAGE ARREARS - NONE LISTED**
If pursuant to this Plan, the Debtor pays through the Trustee the Allowed pre-petition Home Mortgage Arrearage Claim Amount to any Mortgagee identified in paragraph ('D') or its assignee(s), while timely making all required post-petition mortgage payments, upon discharge, the mortgage will be reinstated according to its originals terms, extinguishing any right of the Mortgagee or its assignee(s) to recover any amount alledged to have arisen prior to the filing of the petition.

**E.(1) SECURED 1325(a)(5)(A) or (B) CLAIMS (Paid by Trustee) - NONE LISTED**

**E.(2)(a) SECURED 1325(a)(9) CREDITORS (Paid by Trustee) - NO CRAM DOWN - NONE LISTED**

**E.(2)(b) SECURED 1325(a)(9) CREDITORS (Paid by Trustee) - CRAM DOWN - NONE LISTED**

**F. SECURED CREDITORS (Collateral to be Surrendered) - NONE LISTED**

**G. SECURED CREDITORS (Paid Direct)**
"CODE" definitions: "D" = Paid Direct by Debtor(s)

| Creditor Name | Collateral Description | Scheduled Amount | Claim Amount | Value of Collateral | CODE | Periodic Pmt Amount |
|---|---|---|---|---|---|---|
| Ally Financial | 2013 Cadallic SRX Acct #6561 | $55,037.00 | | $55,037.00 | D | DIRECT |
| Farmer's National Bank | 2011 GMC pickup Acct #1276 | $16,983.00 | | $16,983.00 | D | DIRECT |

Version 6.1.2009

| Creditor | Description | Scheduled | Claim | Code | Direct |
|---|---|---|---|---|---|
| Farmer's National Bank | 2007 Toyota FJ Cruiser | $7,444.00 | $7,444.00 | D | DIRECT |
| Young County Appraisal District | 2014 Ad Valorem Real Property Records 17 ar | $288.44 | $20,860.00 | D | DIRECT |

### H. PRIORITY CREDITORS

"CODE" definitions: "U" = Claim Undisputed - Calculate Payments Using "Claim Amount Undisputed", "D" = Claim Disputed - Calculate Payments Using "Claim Amount Undisputed"

If a creditor's claim is disputed, "Claim Amount Disputed" and "Claim Amount Undisputed" must equal "Total of Claim Filed by Creditor"

| Creditor Name | Description of Debt | Scheduled Amount | Claim Amount Disputed | Claim Amount Undisputed | Annual % Rate | # of Pmts | CODE | Periodic Pmt Amount |
|---|---|---|---|---|---|---|---|---|
| Internal Revenue Service | 941 Taxes Acct#2990 | $168,000.00 | | $28,650.00 | 0.00% | 60 | T | $477.50 |

### I. SPECIAL CLASS CREDITORS - NONE LISTED

### J. UNSECURED CREDITORS

Unsecured creditors are not guaranteed a dividend when the Plan is confirmed, see General Order 2009-03. Unsecured creditors may receive a pro-rata share of the Unsecured Creditor pool which is estimated to be _____$0.00_____ calculated as _____$0.00_____ (Disposable Income per Section 1325(b)(2)) x _____0_____ (Commitment Period per Section 1325(b)(4)) and shall not be less than _____$4,364.00_____ (Pursuant to Section 1325(a)(4))

| Creditor Name | Description/Account Number | Scheduled Amount | Claim Amount | Secured Creditor Deficiencies From Above | Deficiency Amount |
|---|---|---|---|---|---|
| Capital One | Credit card purchases | $410.00 | | | $0.00 |
| Capital One | Credit card purchases | $361.00 | | | $0.00 |
| Credit One Bank | Credit card purchases | $538.00 | | | $0.00 |
| Western Finance | Unsecured loan | $1,711.00 | | | $0.00 |
| World Finance | Unsecured loan | $1,344.00 | | | $0.00 |
| One Main Financial | Personal loan | $7,444.00 | | | $0.00 |
| Total General Unsecured Debt (Scheduled/Claims): | | $11,808.00 | $0.00 | Total of Unsecured Deficiency Debt: | $0.00 |
| Total Scheduled General Unsecured Debt of Creditors That Have Not Yet Filed Claims: | | | | $11,808.00 | |

### K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES - NONE LISTED

**L. CLAIMS TO BE PAID:** (# of Pmts) shown above gives the estimated number of months <u>from the date of confirmation</u> required to fully pay the <u>balance of the claim as of the date of confirmation</u>. Calculation assumes that debtor will make all payments due between date hereof and date of confirmation. (Note: If AAPD payments have been authorized and made, they will be applied to principal as to <u>under</u>-secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this plan will only be made to secured, administrative, priority and unsecured claims that have been allowed or that the debtor has authorized in an AAPD. General unsecured claims will not receive any payment until after the TRCC becomes final.

The "Scheduled Amount" shown in this Plan shall not determine the "Allowed Amount" of any claim.

### M. ADDITIONAL PLAN PROVISIONS:
SEE ATTACHED.

#### COMPUTATION OF REQUIRED PLAN PAYMENTS

| | Totals | Totals With Interest |
|---|---|---|
| Filing Fees | $0.00 | $0.00 |
| Noticing Fees | $0.00 | $0.00 |
| Domestic Support | $0.00 | $0.00 |
| Debtor Attorney Fees | $3,531.00 | $3,531.00 |
| Home Mortgage Arrears | $0.00 | $0.00 |
| Secured Claims - E(1) | $0.00 | $0.00 |
| Secured Claims - E(2)(a) | $0.00 | $0.00 |
| Secured Claims - E(2)(b) | $0.00 | $0.00 |
| Priority Claims | $28,650.00 | $28,650.00 |
| Special Class | $0.00 | $0.00 |
| Unsecured Claims | $11,808.00 | $833.00 |
| Total | $43,989.00 | $33,014.00 |

| | | | |
|---|---|---|---|
| Total Plan Base from Page One | $36,720.00 | Trustee Fees | $3,668.22 |
| Total Payments to Creditors other than General Unsecureds | $35,756.66 | Total Payments (Calculated Base Amount) | $36,682.22 |
| Residual Plan Base Available for General Unsecureds | $963.34 | | |
| Estimated Dividend (%) to Unsecureds Available from Residual Plan Base | 7.34% | | |
| Percentage of Guaranteed Minimum to be paid from Residual Plan Base | 104.08% | | |

**M. ADDITIONAL PLAN PROVISIONS:**   Debtor filed this case to stop the IRS collection efforts while she is in the process of selling her business. Debtor anticipates selling it in a short time frame and will pay off the IRS in full, if possible, and other creditors to the extent proceeds will allow. Debtor lists the IRS claim as undisputed up the $28,650 in order to make the initial Plan feasible. Debtor understands this does not pay the IRS claim in full over the life of the Plan. This is a liquidating Chapter 13 Plan designed to facilitate the sale of the business. Debtor will either sell the business in a short time frame or convert to Chapter 7. The secured debts are listed as pay direct due to non-filing Co-Debtors having liability on the debts.

## SECTION II
## DEBTOR'S (S') CHAPTER 13 PLAN - GENERAL PROVISIONS

### A. SUBMISSION OF DISPOSABLE INCOME

Debtor(s) hereby submits such portion of future earnings or other future income as hereinafter provided to the supervision and control of the Trustee as is necessary for the execution of the Plan as hereinafter provided.

Debtor proposes to PAY TO THE TRUSTEE the Base Amount indicated in Section I hereof. If applicable, cause exists for payment over a period of more than three (3) years.

If the Plan does not pay 100% to all creditors, the Base Amount shall not be less than the sum of the allowed administrative expenses plus the allowed priority and secured claims (with interest if applicable) plus the greater of the unsecured creditors' pool, or the 11 U.S.C. 1325(a)(4) amount.

Payment of any claim against the debtor may be made from the property of the estate or property of the Debtor(s), as herein provided.

### B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY FEES AND NOTICING FEES

The Administrative Expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. Sec 105 (a), 503 (b), 1326 (b)(2), and 28 U.S.C. Sec 586 (e)(1)(B). The Trustee's Fees & Expenses, not to exceed ten percent (10%) allowed pursuant to 28 U.S.C. Sec 586 (e)(1)(B), shall be deducted from each payment. Additionally, the Trustee is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof, pursuant to local rule. No Trustee fee will be collected on Noticing Fees.

Debtor will pay in full all Domestic Support Obligations that are due before discharge, including section 507(a)(1) Priority claims due before the petition was filed, but only to the extent provided for in this Plan.

### C. ATTORNEY FEES

Debtor's(s') Attorney Fees totaling the amount indicated in Section I, Part "C" shall be paid by the Trustee pursuant to this Plan and the Debtor's(s') Authorization for Adequate Protection Disbursements.

### D. PRINCIPAL RESIDENCE ARREARAGES (HOME MORTGAGE)

Arrearages on claims secured only by a security interest in the Debtor's(s') principal residence shall be paid by the Trustee in the allowed pre-petition arreage amount, and at the Annual Percentage Rate of interest indicated on Section I, Part "D" herein. To the extent interest is provided, interest will be calculated from the date of the Petition. The principal balance owing upon confirmation of the Plan on the allowed pre-petition arrearage amount shall be reduced by the total of adequate protection paid less any interest (if applicable) made to the respective creditor by the Trustee. Unless otherwise provided, post-petition payments may be paid "Direct" by Debtor(s), beginning with the first payment due after the 'Date Arrears are Through' date in Section I, Part "D". Such creditors shall retain their liens. To the extent an arrearage claim is allowed in an amount in excess of the Scheduled Amount, the Debtor will promptly Modify the Plan to provide for full payment of the allowed amount, or for surrender of the collateral, at Debtor's election. If Debtor elects to surrender the collateral, the creditor may retain all pre-surrender payments received pursuant hereto.

If pursuant to this Plan, the Debtor pays through the Trustee the Allowed pre-petition Home Mortgage Arrearage Claim Amount to any Mortgagee identified in paragraph "D" or its assignee(s), while timely making all required post-petition mortgage payments, upon discharge, the mortgage will thereupon be reinstated according to its original terms, extinguishing any right of the Mortgagee or its assignee(s) to recover any amount alleged to have arisen prior to the filing of the petition.

### E.(1) SECURED 1325(a)(5)(A) OR (B) CLAIMS TO BE PAID BY TRUSTEE

The claims listed in Section I, Part "E(1)" shall be paid by the Trustee as "SECURED" to the extent of the lesser of the Claim Amount (per timely filed Proof of Claim not objected to by a party in interest), or the VALUE as shown of the collateral, which will be retained by the Debtor(s). Any amount claimed in excess of the value shall automatically be "split" and treated as unsecured as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec. 506(a). Such creditors shall retain their liens on the collateral described in Section I, Part "E(1)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the value shown is greater than the Claim Amount, from the date of the Petition. The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

### E.(2)(a) SECURED 1325(a)(9) CLAIMS TO BE PAID BY TRUSTEE - NO CRAM DOWN

Claims in Section I, Part "E(2)(a)" are either debts incurred within 910 days of the Petition date secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor or debts incurred within one year of the petition date secured by any other thing of value.

The claims listed in Section I, Part "E(2)(a)" shall be paid by the Trustee as "SECURED" to the extent of the "ALLOWED AMOUNT" (per timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the collateral described in Section I, Part "E(2)(a)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of the Petition. The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

### E.(2)(b) SECURED 1325(a)(9) CLAIMS TO BE PAID BY TRUSTEE - CRAM DOWN

The claims listed in Section I, Part "E(2)(b)" shall be paid by the Trustee as "SECURED" to the extent of the LESSER OF the Claim Amount (per timely filed Proof of Claim not objected to by a party in interest), or the VALUE as shown of the collateral, which will be retained by the Debtor(s). Any amount claimed in excess of the value shall automatically "split" and be treated as unsecured as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec. 506(a). Such creditors shall retain their liens on the collateral described in Section I, Part "E(2)(b)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the value shown is greater than or equal to the Claim Amount, from the date of the Petition. The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

IF THE "VALUE" SHOWN IN "E(2)(B)" ABOVE IS LESS THAN THE "SCHEDULED AMOUNT" SHOWN, THE "ALLOWED AMOUNT" OF THE SECURED PORTION OF THE CLAIM SHALL NOT EXCEED THE "VALUE" DETERMINED AT CONFIRMATION.
IN THE EVENT THAT A CREDITOR OBJECTS TO THE TREATMENT PROPOSED IN THIS PARAGRAPH, THE DEBTOR RETAINS THE RIGHT TO SURRENDER THE COLLATERAL TO THE CREDITOR. IF THE DEBTOR ELECTS TO SURRENDER THE COLLATERAL, THEN THE AUTOMATIC STAY WILL BE TERMINATED AS TO SUCH COLLATERAL UPON THE ENTRY OF THE ORDER CONFRIMING THE PLAN, UNLESS OTHERWISE ORDERED BY THE COURT.
<u>ABSENT SUCH OBJECTION, THE CREDITOR SO LISTED IN "E(2)(b)" SHALL BE DEEMED TO HAVE "ACCEPTED" THE PLAN PER SECTION 1325(a)(5)(A) OF THE BANKRUPTCY CODE AND WAIVED ITS RIGHTS UNDER SECTION 1325(a)(9) OF THE BANKRUPTCY CODE.</u>
To the extent a secured claim NOT provided for in Section I, Part "D","E(1)" or "E(2)" is allowed by the Court, Debtor(s) will pay the claim 'DIRECT' per the contract unless otherwise Ordered by the Court. Each secured claim shall constitute a seperate class.

### F. SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL PRE-CONFIRMATION

The claims listed in Section I, Part "F" shall be satisfied as 'SECURED' to the extent of the VALUE of the collateral as shown, by SURRENDER of the collateral by the Debtor(s) on or before Confirmation. Any amount claimed in excess of the value of the collateral as shown, to the extent it is allowed, shall be automatically "split" and treated as indicated in Section I, Part "H" or "J" per 11 U.S.C. Sec. 506(a). Each secured claim shall constitute a separate class.

### G. DIRECT PAYMENTS BY DEBTOR(S)
All secured claims listed in Section I, Part "G" shall be paid 'DIRECT' by the Debtor(s) in accordance with the terms of their agreement, unless otherwise provided in Section I, Part "M". Each secured claim shall constitute a separate class.

### H. PRIORITY CLAIMS
All allowed claims (i.e., those for which a Proof of Claim is timely filed and not objected to by a party in interest) entitled to priority under Section 507(a) of the Bankruptcy Code, other than Section 507(a)(1) Domestic Support Obligations, will be paid in full (except as provided in Section 1322(a)(4)) in deferred installments, unless the holder of such claim agrees to a different treatment of such claim. Failure to object to confirmation of this Plan shall not be deemed "acceptance" of the "Scheduled Amount" shown in Section I, Part "H" hereof. The claims listed in Section I, Part "H" shall be paid their allowed amount by the trustee, in full, as Priority, without interest, at the monthly amount indicated, or pro rata.

Priority claims for taxes are unsecured and shall not accrue interest or penalty subsequent to the date of filing, and such interest or penalty as might otherwise accrue thereafter shall be discharged upon completion of the plan.

### I. SPECIAL CLASS UNSECURED CLAIMS
Special Class unsecured claims shall be treated as allowed by the Court.

### J. GENERAL UNSECURED CLAIMS TIMELY FILED
All other claims not otherwise provided for herein above shall be designated general unsecured claims. Payments, if any, to general unsecured claims will be on a pro rata basis determined monthly. All allowed general unsecured claims shall be paid in an amount under the Plan which is not less than the amount that would be paid on such claims if the estate of the Debtor(s) were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the petition herein.

Any delinquencies under the Plan on allowed secured claims, allowed priority claims and allowed special class unsecured claims must be brought current before any payments are made on general unsecured claims.

General unsecured claims may be paid concurrently with secured, priority and special class unsecured claims so long as each secured, priority, and special class unsecured creditor is receiving not less than its monthly installment as provided herein. Any delinquencies under the plan on all allowed secured claims, allowed priority claims and special class claims must be brought current before any payments are made to the general unsecured claims.

General unsecured claims totaling the amount indicated in Section I, Part"J", shall be paid by the Trustee, a PRO RATA share of the unsecured creditors pool estimated in Section I, Part "J" but not less than the amount indicated pursuant to Section 1325(a)(4) less allowed administrative and priority claims.

### K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
As allowed by Section 1322(b)(7) of the Bankruptcy Code, the Debtor(s) assume(s) or reject(s) the executory contracts or unexpired leases with the parties so indicated in Section I, Part "K". Assumed lease and executory contract arrearage amounts shall be paid by the Trustee as indicated in Section I, Part "E".

### L. CLAIMS TO BE PAID
See Section I, Part "L" of the Plan.

### M. ADDITIONAL PLAN PROVISIONS
The provisions set forth in Section I, Part "M" are miscellaneous Plan provisions not otherwise referred to herein.

### N. POST-PETITION CLAIMS
Claims filed under Section 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, Debtor will modify this plan.

### O. LATE FILED CLAIMS AND CLAIMS NOT FILED
Late filed unsecured claims on pre-petition debt shall be paid pro rata, but only after all other timely filed claims are paid in full. Such payment shall be before any payment on pre-petition non-pecuniary penalties. Late filed claims on priority pre-petition claims shall be paid in full before any payment on late filed general unsecured pre-petition claims. Late filed secured claims shall be paid in full before any payment on late filed priority claims.

A claim not filed with the Court will not be paid by the Trustee post-confirmation regardless of its treatment in Section I or on the AAPD.

### P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES
Any unsecured claim for non-pecuniary penalties, fines, forfeitures, multiple, exemplary or punitive damages, expressly including IRS penalty to date of petition on unsecured and/or priority claims, shall be paid only a pro rata share of any funds remaining after all other unsecured claims, including late filed claims, shall have been paid in full.

### Q. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST
No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

### R. BUSINESS CASE OPERATING REPORTS
Upon Confirmation, business debtors are no longer required to file operating reports with the Trustee, unless the Trustee requests otherwise. However, a final operating report through the date of confirmation is required if operating reports were previously required. Confirmation hereof shall terminate the Trustee's duties to investigate or monitor the debtor's business affairs, assets or liabilities.

### S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRECONFIRMATION OPERATIONS
The Trustee shall not be liable for any claim arising from the post-confirmation operation of Debtor's business. Any claims against the Trustee arising from the pre-confirmation operation of the Debtor's business must be filed with the Bankruptcy Court within (60) days after entry by the Bankruptcy Court of the Order of Confirmation hereof, or be barred.

### T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL.
Debtor(s) shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by Debtor(s), prior to discharge without order of the Court after notice to the Trustee and all creditors. Upon conversion or dismissal of the case, the Trustee shall disburse all funds on hand in accordance with General Order 2009-03 and any amendments thereto.

## U. ORDER OF PAYMENT

All claims shown in Section I, will be paid in the following order from each disbursement to the extent allowed after all filing fees have been paid in full:

1st  Administrative Fees set out in "B"
2nd  Specified monthly dollar amounts to secured creditors shown in "D" and "E"
3rd  Debtor(s)' attorney fees shown in "C" until paid in full
4th  Specified monthly dollar amounts shown in "H" (Priority - per month)
5th  Specified monthly dollar amounts shown in "I" (Special Class - per month)
6th  Pro-rata among claims shown in "J" other than "Late Filed" or "Penalty"
7th  Pro-rata among claims shown as Priority "Late Filed" shown in "H"
8th  Pro-rata among claims shown as Unsecured "Late Filed" shown in "J"
9th  Pro-rata among all claims shown as "Penalty" shown in "J"

## V. TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE

Pursuant to General Order 2009-03, Paragraph 8, as soons as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtor's counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and Notice of Hearing and Pre-Hearing Conference thereon. The TRCC may be deemed in part to be an Objection to Claims. Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC. Unless an objection is timely filed as to the treatment of any claim, the claim will be allowed or approved only as described in the TRCC, and such treatment will be binding on all parties without further order of the Court. All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the Trustee's Pre-Hearing Conference or give the Trustee prior written notice that a hearing is necessary. To the extent secured and/or priority claims being paid through the Plan by the Trustee are allowed for amounts in excess of the amounts provided for in this Plan, the Debtor(s) will promptly modify the Plan to provide for full payment of the allowed amount. After the TRCC becomes final, should the Plan then become infeasible and/or "insufficient", the Trustee shall be permitted to move the Court to dismiss the case for such reason.

## W. UNFILED CLAIMS

A claim not filed with the Court will not be paid by the Trustee post-confirmation regardless of its treatment in Section I.

## SECTION III
## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. Sec 506(a), 1325(a)(5) and (9) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the Plan, Debtor(s) hereby move the Court to value the collateral described in Section I, Part "E(1)" or "E(2)(b)" and Part "F", as the LESSER of the value set forth therein, or any value claimed on the proof of claim. **Any objection to valuation shall be filed at least seven (7) days prior to confirmation, or be deemed waived.**

Respectfully submitted,

Case No: 14-70133-HDH-13

/s/ Gregory A. Ross
Debtor(s) or Debtor's(s') Attorney
State Bar Number 17302500

Debtor 1 Name: MICHELLE LYNN JOHNSTON

Debtor 2 Name: _____

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS

DEBTOR 1: Johnston, Michelle Lynn  
DEBTOR 2:  

DATED: 05/07/14  
CASE NUMBER: 14-70133

THE UNDERSIGNED DEBTOR(S) HEREBY REQUEST THAT PAYMENTS RECIEVED BY THE TRUSTEE PRIOR TO CONFIRMATION BE DISBURSED IN ACCORDANCE WITH GENERAL ORDER 2009-03, AS INDICATED BELOW:

| | First | Other | |
|---|---|---|---|
| Periodic Payment Amount | | | $612.00 |
| Disbursements: | | | |
| Account Balance Reserve | $5.00 | $0.00 | |
| Related Expense To Trustee | $60.70 | $61.20 | |
| Filing Fees | $0.00 | $0.00 | |
| Noticing Fees | $0.00 | $0.00 | |
| Subtotal Expenses/Fees | $65.70 | $61.20 | |
| Available For Adequate Protection, Attorney Fees and Undisputed Priority Claims From First Disbursement: | | | $546.30 |

### DOMESTIC SUPPORT OBLIGATIONS - NONE LISTED

### SECURED CREDITORS

| Creditor Name | Collateral Discription | Scheduled Amount | Claim Amount | Value of Collateral | Adequate Protection% | Adequate Protection Pmt |
|---|---|---|---|---|---|---|
| 0 | 0 | $0.00 | $0.00 | $0.00 | 1.25% | $0.00 |
| 0 | 0 | $0.00 | $0.00 | | 1.25% | $0.00 |
| 0 | 0 | $0.00 | $0.00 | | 1.25% | $0.00 |
| 0 | 0 | $0.00 | $0.00 | | 1.25% | $0.00 |
| 0 | 0 | $0.00 | $0.00 | | 1.25% | $0.00 |
| 0 | 0 | $0.00 | $0.00 | | 1.25% | $0.00 |

### UNSECURED PRIORITY CREDITORS

Unsecured Priority Creditors shall receive payments after Administrative Expenses and Attorney Fees have been paid in full.

| Creditor Name | Description of Debt | Scheduled Amount | Claim Amount Disputed | Claim Amount Undisputed | Adequate Protection Pmt |
|---|---|---|---|---|---|
| Internal Revenue Service | 941 Taxes Acct#2990 | $168,000.00 | $0.00 | $28,650.00 | $477.50 |

### UNSECURED SPECIAL CLASS CREDITORS - NONE LISTED

| | | | |
|---|---|---|---|
| Total Payments to Domestic Support and Secured Creditors: | $0.00 | Total Payments to Undisputed Priority & Special Creditors: | $477.50 |
| Funds Available For Debtor's Attorney From First Disbursement: | | $546.30 | |
| Funds Available For Debtor's Attorney From Future Disbursements: | | $550.80 | |
| Estimated Number of Months to Pay all Attorney Fees Through the Plan: | | 6 Month(s) | |

PROPOSED, AUTHORIZED, REQUESTED, AND ACKNOWLEDGED:

BY DEBTORS DATED:    5/7/2014

/s/ Gregory A. Ross  
Attorney For Debtor(s)/Debtor(s)

Ally Financial
P.O. Box 380902
Minneapolis, MN 55438-0902


Capital One
PO Box 26625
Richmond, VA 23261


Capital One
P.O. Box 85520
Richmond, VA 23285-5520


Credit One Bank
P.O. Box 98872
Las Vegas, NV 89193-8872


Daniel Bazaldua
IRS
5450 Stratum Dr., Ste. 150
Fort Worth, TX 76137


Farmer's National Bank
PO Box 10
Newcastle, TX 76372


Internal Revenue Service
Austin, TX 73301-0030



One Main Financial
P.O. Box 499
Hanover, MD 21076


Ronald Scot Johnston
P.O. Box 1404
Graham, TX 76450


Ryan Johnston
P.O. Box 1404
Graham, TX 76450


Western Finance
801 S. Abe Street, Ste. 2A
San Angelo, TX 76903-6771

```
World Finance
511 Fourth Street
Graham, TX 76450


Young County Appraisal District
PO Box 337
Graham, TX 76450
```